Henderson, Judge.
 

 This case is not clear of doubts. I can find not one like it. On the one hand, it is plain I, distinguishable from that class of cases where, alter the determination of the marriage, part is given to the husband : there the Huhand is very plainly excluded, because lie cannot take
 
 pm l
 
 by express words, and the.
 
 "whole
 
 fey construction. It is also unlike that class, where the wife takes, provisionally, for the same reason,, For the salce of brevity, with this dess
 
 l
 
 arrange those
 
 *480
 
 cases where the wife may exercise a power. Nor is it like those cases where the next of kin take as
 
 purchasers,
 
 after an estate for life in the wife
 
 •,
 
 for the hus-i)an(] is not
 
 next of kin
 
 to the wife, for all his claims under the law are
 
 jure mariti.
 
 The cases cited at the bar, (1
 
 and 3 Vesey, jr.
 
 and
 
 Hen.
 
 &
 
 Mum.
 
 and 3
 
 Mum.)
 
 are illustrative of these principles 5 and although there are some strong expressions in some of them, such as that the husband takes all but what, by contract, he gives away, yet they are either to be understood in reference to the subject matter, or they were extra-judicial. It is also unlike those cases where, the husband’s property, or partly his, and partly his wife’s, is settled on the wife for jointure ; for there, the design of the settlement is to confer rights, not as in this case, to abridge them. In this case property, which was the wife’s, and in her possession, and which, on the marriage, would have vested absolutely in the husband, is, by an agreement, made m contemplation of marriage, and solely in relation to the wife’s property, (for it does not appear that the husband had any) vested in trustees to the use of the husband for life, and after his death, to the use of the wife and her heirs,
 
 and to no other uses.
 

 I cannot but view this settlement as in restraint of the marital rights
 
 throughout both limitations,
 
 that his rights as husband, which, upon the marriage, would have given him an absolute estate in the property, are, by the agreement, cut down to a life estate : yet the reasons for this opinion are not of that strong and conclusive kind, which I should wish to govern my judicial acts, yet they are much stronger than any that occur on the other side. The property belonged to the wife. The
 
 intent
 
 and
 
 design
 
 of the settlement were to restrain the rights of the husband, and the words used were proper to those ends ; if his rights are extended to an absolute interest, his rights will be concurrent, (a thing, I presume, not designed,) for he does not pretend to claim, but only in the event of his wife’s dying before him* — his rights up -
 
 *481
 
 dcr the settlement continue during his lifts. He is neither heir or next of kin of the wife, and answers not to the desnipfion, or if you will, expression,
 
 heir of the wife;
 
 for although in determining the
 
 quantity
 
 of estate, we must take the word
 
 heirs
 
 as a word of expansion, or limitation, and allow it the same force, as if the words executors and administrators had been used, yet its arriving at the intent, we may take hold of the meaning of the word heir, although it be a technical word
 
 ;
 
 for here it evidently is not used technically, for they are speaking of personal property — -here the word
 
 heir
 
 means blood relation, on whom the law casts the inheritance, on the death of the ancestor, (and is taken here as next of kin,) and anciently, when lands were not alienable, the heir took by succession 5 and when, afterwards, lands became alienable, whereby the whole estate became vested in the ancestors, and the heir, by necessity, took by represen* tallón, the meaning of the word
 
 heir
 
 was not thereby changed — it still means next of blood, on whom the law casts the inheritance, on the death of the ancestor. The eircuitous asid complex mode in which the intention is expressed, if it is In favour of the husband, furnishes an argument against so construing it: for if such had been the intent, the mode of expressing it would have been so obvious, plain and simple, it would have been resorted to, to wit, to the use of the husband absolutely, if the wife did not survive him, but if she did, to her absolutely $ for this is, in substance, the only effect which the husband contends is produced by this long
 
 settlement;
 
 and |f the intent, be as the wife alleges, that intent is expressed in a plain, short, and direct manner, perhaps the most appropriate that could be used 5 only subsitute the words
 
 next of kin
 
 for
 
 heirs:
 
 nor does it weaken, but rather strengthen this exposition, that the drawer was an ignorant man
 
 ;
 
 for that would have led to an attempt to have expressed the intent directly, however awkwardly he might have executed itand lastly, that the trustees were
 
 to
 
 hold upon the trust expressed a the deed, and
 
 m
 
 
 *482
 
 other. Upon the whole, I think the whole scope and de» sign of the marriage settlement was, to bind and reduce the rights of the husband, of every description, to those given ¡rim jn the deed, to wit, a life estate.
 

 Tayxoe, Chief-Justice, and IIaxx, Judge, concurred.